UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FEDEX CUSTOMER INFORMATION
SERVICES, INC.,

                           Plaintiff,

    v.                                        7:07-cv-875

LESLEE SPORTS, INC., and
TRI-REGENCY WAREHOUSE PROPERTIES, INC.

                           Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LESLEE SPORTS, INC., and
TRI-REGENCY WAREHOUSE PROPERTIES, INC.,

                           Third-Party Plaintiffs,

    v.

MICHAEL SILBERBERG, and ROBERT
JUSKOVIC a/k/a ROBERT JUSKO d/b/a
WORLD CLOSEOUTS AND SURPLUS,

                           Third-Party Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ROBERT JUSKOVIC a/k/a ROBERT JUSKO d/b/a
WORLD CLOSEOUTS AND SURPLUS,

                           Fourth-Party Plaintiffs,

    v.

YEHUDA GOLDMAN, a/k/a KEVIN GOLDMAN, et al,

                           Fourth-Party Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## DECISION and ORDER

**I.    FACTS[1]**

Third-Party Plaintiff Leslee Sports, Inc. purchases goods and sells them at wholesale prices to retailers.  Third-Party Plaintiff Tri-Regency Warehouse Properties, Inc. ("Tri-Regency") operates a warehouse where goods purchased by Leslee are sometimes stored.

In or around January 2006, Third-Party Defendants contracted to purchase certain goods from Third-Party Plaintiff Leslee Sports, Inc.  The terms of the sale provided for shipping terms of "FOB" Tri-Regency's Warehouse.  Third-Party Defendants understood the term "FOB" to mean that they were responsible for arranging for the shipping from Tri-Regency's warehouse and for paying for those shipping costs.  Third-Party Defendants used Yehuda Goldman to coordinate shipping of the goods from Tri-Regency's warehouse to their final destination.  Goldman instructed Plaintiff FedEx to pick up the goods from Tri-Regency's warehouse.  In January and April 2006, FedEx picked up the goods at the Tri-Regency warehouse and shipped them to Third-Party Defendants' chosen location.  FedEx was not paid for its shipping services.

FedEx commenced an action against Third-Party Plaintiffs for the unpaid invoices.  In December 2009, FedEx and Third-Party Plaintiffs entered into an agreement whereby Third-Party Plaintiffs would pay FedEx $12,000 in full satisfaction of its claims.  Third-Party

---

[1] Because Third-Party Defendants have failed to respond to the pending motion, all properly supported statements of material fact are deemed admitted.  N.D.N.Y.L.R. 7.1(a)(3).

Plaintiffs now seek to recover that $12,000, plus costs and attorney's fees, from Third-Party Defendants. Presently before the Court is Third-Party Plaintiffs' motion pursuant to Fed. R. Civ. P. 56 seeking judgment as a matter of law. Third-Party Defendants have failed to respond to the motion.

## II.     DISCUSSION

Third-Party Plaintiffs seek summary judgment on their breach of contract claim against Third-Party Defendants. The undisputed facts demonstrate that Third-Party Defendants entered into an agreement with Third-Party Plaintiffs to purchase certain goods. The agreement provided that Third-Party Defendants would be responsible for arranging for shipping the goods and paying for the shipping. Third-Party Defendants arranged for the shipping through their agent, Yehuda Goldman. The goods were shipped by FedEx. Third-Party Defendants did not pay FedEx. As a result, Third-Party Plaintiffs were sued for the shipping costs by FedEx and were damaged in the amount of $12,000.

These facts demonstrate the existence of a valid contract, performance by Third-Party Plaintiffs, and a breach of the contract by Third-Party Defendants causing damages to Third-Party Plaintiffs. Even absent the contract, "[t]he general rule is that a right of implied indemnification will arise in favor of one who is compelled to pay for another's wrong." Margolin v. New York Life Ins. Co., 32 N.Y.2d 149, 152 (1973). Here, Third-Party Plaintiff paid FedEx because of Third-Party Defendants' failure to pay the FedEx invoices. Accordingly, Third-Party Plaintiffs are entitled to summary judgment on the issue of liability and damages in the amount of $12,000.

Third-Party Plaintiffs also seek attorneys fees incurred by them in defending the main action brought by FedEx on the theory of common-law indemnification. Attorney's fees

are available under a theory of common-law indemnification, but only as to such fees incurred in connection with defending the main claim. Chapel v. Mitchell, 84 N.Y.2d 345 (1994). Attorney's fees are not recoverable to the extent they were incurred in prosecuting the third-party claim. Id.

Third-Party Defendants claim to have incurred attorney's fees in excess of $19,707.75. They note, however, that "some of the fees and expenses incurred relate exclusively to the pursuit of Third-Party litigation. . . ." Third-Party Defendants do not specify which portion of the claimed fees are solely attributable to the defense of the primary litigation. Further, Third-Party Defendants have not submitted evidence supporting their claimed legal fees and costs.

Because the burden is on Third-Party Defendants, the claim for fees and costs is granted, but the Court declines to award an amount until such time as Third-Party Plaintiffs submit records evidencing the attorney's fees and costs incurred in defending the main action. Third-Party Plaintiffs shall submit such evidence within thirty days of the date of this Decision and Order.

## III. CONCLUSION

For the foregoing reasons, Third-Party Plaintiffs' motion for summary judgment is GRANTED. Third-Party Plaintiffs are entitled to judgment in the amount of $12,000, plus attorneys' fees reasonably incurred in defending the main action. In the event Third-Party Plaintiffs do not submit further evidence concerning their fees and costs within thirty days of the date of this Decision and Order, the Clerk of the Court shall enter judgment in favor of Third-Party Plaintiffs in the amount of $12,000 without further order of the Court. If Third-

Party Plaintiff provide the requisite evidentiary support within thirty days, the Court will issue an order concerning the appropriate amount to be included in the judgment.

IT IS SO ORDERED.

Dated:   February 1, 2010

_____
Thomas J. McAvoy
Senior, U.S. District Judge