**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**FED EX CUSTOMER INFORMATION**
**SERVICES INC.,**

                              **Plaintiff,**

       **vs.**                                    **No. 07-CV-875**


**LESLEE SPORTS, INC., and**
**TRI-REGENCY WAREHOUSE PROPERTIES, INC.,**

                              **Defendants.**
_____


**LESLEE SPORTS, INC., and**
**TRI-REGENCY WAREHOUSE PROPERTIES, INC.,**

                              **Third-Party Plaintiffs.**

       **vs.**


**MICHAEL SILBERBERG, and ROBERT**
**JUSKOVIC a/k/a ROBERT JUSKO d/b/a**
**WORLD CLOSEOUTS AND SURPLUS,**

                              **Third-Party Defendants.**
_____

**Thomas J. McAvoy,**
**Sr. U.S. District Judge**


**DECISION & ORDER**

       Plaintiff FedEx commenced this action against Defendants/Third-Party Plaintiffs for

unpaid invoices.  In December 2009, FedEx and Defendants/Third-Party Plaintiffs entered

1

into an agreement whereby Defendants/Third-Party Plaintiffs would pay FedEx $12,000 in full satisfaction of its claims.  Defendants/Third-Party Plaintiffs then sought to recover that $12,000, plus costs and attorney's fees, from Third-Party Defendants.

Third-Party Plaintiffs previously moved for summary judgment on their claim against Third-Party Defendants.  The Court granted the motion and found that Third-Party Plaintiffs were entitled to summary judgment on the issue of liability and damages in the amount of $12,000.  The Court also found that Third-Party Plaintiffs were entitled to recover attorneys' fees incurred in defending the main action.  Third-Party Plaintiffs were directed to submit further evidence concerning their fees and costs.  Presently at issue before the court is whether the attorney's fees requested are both reasonable and were incurred in connection with defending the main claim.

As noted in the prior decision, attorney's fees are available under a theory of common-law indemnification, but only to the extent that they were incurred in connection with defending the main claim.  Chapel v. Mitchell, 84 N.Y.2d 345 (1994).  Attorney's fees are not recoverable to the extent they were incurred in prosecuting the third-party claim.  Id.  Third-Party Plaintiffs have now submitted records concerning the fees that are solely attributable to the defense of the primary litigation.  Upon review, the Court finds that these fees are reasonable and were incurred in connection with defending the main claim.

2

It is therefore

**ORDERED** that attorney's fees in the amount of $17,815.06 are **GRANTED** and

Third-Party Plaintiffs are entitled to judgement against both Third-Party Defendants[1] in the

total amount of $29,815.06.

**IT IS SO ORDERED.**

Dated:April 8, 2010

Thomas J. McAvoy
Senior, U.S. District Judge

---

[1] The previous order granting Third-Party Plaintiff's motion for summary judgment is hereby amended such that all references to "Third-Party Defendants" in the first two paragraphs on page 4 are replaced with "Third-Party Plaintiffs."